FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 21 PM 3: 16

TIMOTHY M. BURGESS
United States Attorney

JAMES A. GOEKE
Assistant U. S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BYRON WILLIAMS, a/k/a "Felipe", "Felipae", KELVIN WASHINGTON, a/k/a "Kevin Washington", "Special K", and RODERICK WILLIAMS<br><br>Defendants. | ) Case No. A05-0076 CR (RRB)<br>)<br>)<br>)<br>) **UNITED STATES' UNOPPOSED**<br>) **MOTION TO CONTINUE TRIAL**<br>) **REGARDING DEFENDANTS**<br>) **BYRON WILLIAMS AND KELVIN**<br>) **WASHINGTON AND REQUEST**<br>) **FOR TRIAL SETTING**<br>) **CONFERENCE**<br>)<br>)<br>) **Filed on Shortened Time**<br>) |

COMES NOW the United States of America and moves for a continuance of the presently scheduled trial date of January 3, 2006, for defendant Williams and defendant Washington.  Recently arraigned co-defendant Roderick Williams

is currently set for trial on February 6, 2006. This motion is unopposed by defendants Byron Williams and Kelvin Washington.[1] This motion to continue the trial date is based upon the following:

- The grand jury has recently returned a Second Superseding Indictment in this matter adding a co-defendant, Roderick Williams, who is not scheduled for trial until February 6, 2006; and

- The government recently received approximately 77 CD-Rom disks containing approximately 5,000 minutes of conversations between defendant Byron Williams and various individuals during the period defendant Byron Williams has been detained awaiting trial. The defendants have not had an opportunity to review these conversations. The government believes that many of the conversations are directly relevant to the charges in the Second Superseding Indictment and specifically pertain to the specific defendants named in the Second Superseding Indictment. Necessarily, the United States will seek to introduce various incriminating conversations from the newly available recordings at trial.

Accordingly, the United States, unopposed by defendant Byron Williams and defendant Kelvin Washington, requests that the Court vacate the current trial

---

[1] Defendant Kelvin Washington's counsel, Rich Curtner, confirmed on December 21, 2005 that he does not oppose the instant motion. Defendant Byron Williams' counsel, John Abbott, indicated on December 15, 2005 that he did not oppose a continuance of the trial date.

date of January 3, 2006 and set a trial setting conference for the purpose of setting a new trial date pertaining to all defendants.

### The Trial Date Must Be Continued Based Upon the Return of the Second Superseding Indictment Adding Co-Defendant Roderick Williams.

On December 13, 2005, the grand jury returned a Second Superseding Indictment in this case. Co-defendant Roderick Williams was added to the Indictment and is now charged along with defendant Byron Williams and defendant Kelvin Washington in Count 1. Co-defendant Roderick Williams was arraigned on December 21, 2005 and his trial date has been set for February 6, 2006.

Having now been joined with defendant Byron Williams and defendant Kelvin Washington as a co-defendant in this action, defendant Byron Williams' and defendant Kelvin Washington's Speedy Trial clocks effectively become the same as co-defendant Roderick Williams' Speedy Trial clock. See, e.g. United States v. Baker, 10 F.3d 1374, 1400 (9th Cir.1993) overruled on other grounds by United States v. Nordby, 225 F.3d 1053, 1059 (9th Cir.2000) (When several defendants are joined for trial, the 70-day period begins to run on the date the last co-defendant is indicted or arraigned) citing Henderson v. United States, 476 U.S. 321, 323 n. 2, 106 S.Ct. 1871, 1873 n. 2, 90 L.Ed.2d 299 (1986). This is

consistent with the Speedy Trial Act which provides in relevant part that "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run" shall be excluded in computing time under the Act. 18 U.S.C. § 3161(h)(7). For these reasons alone, the trial date of January 3, 2006 as to defendant Byron Williams and defendant Kelvin Washington must be vacated and continued to at least February 6, 2006 to match the trial date of the new co-defendant Roderick Williams.

### All Defendants Require Time to Review 5,000 Minutes of Conversations Relevant to the Second Superseding Indictment.

The government also recently received approximately 77 CD-Rom disks containing approximately 5,000 minutes of conversations between defendant Byron Williams and various individuals during the time defendant Byron Williams has been detained awaiting trial. Many of these conversations pertain to the specific defendants named in the Second Superseding Indictment and detail, in the government's view, criminal activities related to the pending Indictment as well as potential additional charges. The government is currently making copies of the conversations to make available to the defendants as soon possible. In the meantime the conversations are immediately and currently available for review at the United States Attorney's Office. The government believes that many of the

conversations are directly relevant to and support the charges in the Second Superseding Indictment. As such, the United States will necessarily seek to introduce numerous conversations at trial.

Moreover, the government expects it will soon receive additional CD-Rom disks containing more conversations between and concerning defendant Byron Williams, defendant Kelvin Washington, and defendant Roderick Williams. These conversations also date from the time defendant Byron Williams has been detained pending trial. Neither the defendants nor the United States have had an opportunity to review any of the additional anticipated conversations as the United States does not yet have custody or control over the additional conversations.

### The United States, Unopposed by Defendant Byron Williams and Defendant Kelvin Washington, Requests a Trial Setting Conference.

Based on the foregoing, the United States, unopposed by defendant Byron Williams and defendant Kelvin Washington, requests that the Court vacate the currently scheduled trial date of January 3, 2006 in this matter and schedule a trial setting conference. Based on the foregoing, the input of all parties on a new trial date, including defendant Roderick Williams, would be in the best interests of judicial economy. Moreover, the undersigned Assistant United States Attorney has advised all parties in this case that prior to February 6, 2006, the government

is likely to request that the grand jury return an additional superseding indictment in this matter that is extremely likely to include additional charges and multiple additional defendants. Also, on information and belief, Henry Graper, counsel for defendant Roderick Williams, intends to file a separate motion requesting that the Court declare the instant case complex. As such, a trial setting conference would allow the Court to anticipate future motions and developments in the case when considering a new trial date.

RESPECTFULLY SUBMITTED this 21st day of December, 2005, at Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

JAMES A. GOEKE
Assistant U.S. Attorney

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on December 21, 2005, via:

    (X) Facsimile Transmission

John W. Abbott, Esq
PO Box 112306
Anchorage, AK 99511-2306
Fax: 346-1039

Sue Ellen Tatter
Federal Public Defender's Office
550 W. 7th Ave. Suite 1600
Anchorage, AK 99501
Fax: 646-3480

Henry Graper III, Esq.
737 M Street
Anchorage, AK 99501
Fax: 279-0680

Executed at Anchorage, Alaska, on December 21, 2005.

*[signature]*
Legal Assistant
Office of the U.S. Attorney