DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:05-0076-RRB-JDR |
| | ) |
| Plaintiff, | ) |
| | ) **RESPONSE TO MOTION FOR** |
| vs. | ) **PRODUCTION AND** |
| | ) **INSPECTION OF LAW** |
| BYRON WILLIAMS, | ) **ENFORCEMENT OFFICER** |
| RODERICK WILLIAMS, | ) **RECORDS** |
| TANYA E. CHAISON, | ) |
| | ) |
| Defendants. | ) |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby opposes the defendant's "Motion for Production and Inspection of Law Enforcement Officer Records", filed at Docket 151.  This motion was joined by defendant Roderick Williams at Docket 183, and by defendant Byron Williams at Docket 187.  Therein, the defendants move for production and inspection of the personnel files of the law enforcement officers

who the United State will call as witnesses in this case.  This is otherwise known as a "Henthorn" request, which derives its name from United States v. Henthorn, 931 F.2d 29 (9th Cir. 1990).  The United States acknowledges the defendant's request and will comply with the law as it pertains to Henthorn requests for review of testifying federal law enforcement officers' personnel files.

Henthorn  requires that "when confronted with a request by a defendant for the personnel files of testifying officers" [emphasis added], the United States must examine the officer's personnel files, and must "disclose information favorable to the defense that meets the appropriate standard of materiality." Id. at 30-31.  "'If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation . . . .'" Id. at 31 (quoting United States v. Cadet, 727 F.2d 1453, 1467-68 (9th Cir. 1994)).

> The obligation to examine the files arises by virtue of the making of a demand for their production. However, following that examination, the files need not be furnished to the defendant or the court unless they contain information that is or may be material to the defendant's case.

Id.  The defendant need only make the request, and need not make any initial showing the requested information is material. United States v. Santiago, 46 F.3d

885 (9th Cir. 1995).

> Under Henthorn, the government has a duty, upon defendant's request for production, to inspect for material information the personnel records of federal law enforcement officers who will testify at trial, regardless of whether the defense has made a showing of materiality.

Id. at 895.

The United States recognizes that Henthorn information is Brady/Giglio information. United States v. Herring, 83 F.3d 1120, 1121 (9th Cir. 1996) (per curiam); United States v. Jennings, 960 F.2d 1488, 1490 (9th Cir. 1992). "[T]he AUSA prosecuting a case is responsible for compliance with the dictates of Brady and its progeny." United States v. Jennings, 960 F.2d 1488, 1490 (9th Cir. 1992). "This personal responsibility cannot be evaded by claiming lack of control over the files or procedures of other [federal] executive branch agencies." Id.

The AUSA assigned to the case, however, need not be the one conducting the review of the personnel files, so long as the appropriate agency examines its personnel files and notifies the AUSA of any potential Brady material. United States v. Herring, 83 F.3d at 1121 (citing United States v. Jennings, 960 F.2d 1488, 1491-92 (9th Cir. 1992)). The AUSA, however, must make the determination whether the material should be disclosed. Id.

The scope of the review of the personnel files of law enforcement officers is

limited to federal officers. An AUSA does not have to attempt review of non-federal files over which he does not have control. <u>United States v. Dominguez-Villa</u>, 954 F.2d 562, 565-66 (9th Cir. 1992) (review of personnel files of state law enforcement witnesses not required). Neither the United States nor the AUSA assigned to this case have neither possession nor control over any state of local law enforcement officer who might testify in this case.

Finally, the defendant's argument that he can obtain the personnel files of state and local officers by filing a Fed. R. Crim. P. 17 subpoena is no means to avoid the limitations of the scope of <u>Henthorn</u> and <u>Dominguez-Villa</u>. Such subpoenas would be subject to being quashed for being unreasonable. <u>See, e.g.</u>, <u>United States v. Marcello</u>, 423 F.2d 993 (5th Cir. 1970)(subpoena duces tecum calling for production of personnel records of FBI agent was properly quashed where defendant was clearly attempting to use subpoena as discovery device). In any event, the procedure set forth in <u>Henthorn</u> adequately balances the defendant's need for information concerning bias with the dangers of the defendant being allowed to go on a "wild goose chase" for marginally relevant information found in personnel files.

Thus, the United States is not opposed to the defendant's request that the United States review all testifying federal law enforcement witnesses personnel

files. Furthermore, if the United States discovers any material subject to disclosure under Brady/Giglio the United States will disclose that material to the defense two to three days before the particular witness testifies. If the United States has any doubts about disclosing any material in the personnel files discovered during its review, the United States agrees to provide the material to the court for an *in camera* review. Otherwise, the United States is opposed to the defendant's request to have the United States review files not in its possession or control.

//

//

//

//

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to disclose Grand Jury materials should be denied.

RESPECTFULLY SUBMITTED this 21st day of February, 2006 in Anchorage, Alaska.

>                                   DEBORAH M. SMITH
>                                   Acting United States Attorney
>
>                                   s/ Frank V. Russo
>                                   Assistant U.S. Attorney
>                                   Federal Building & U.S. Courthouse
>                                   222 West Seventh Avenue, #9, Room 253
>                                   Anchorage, Alaska  99513-7567
>                                   (907) 271-5071
>                                   (907) 271-1500 (fax)
>                                   Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on February 21, 2006 via:

      (X) Electronic case filing notice

David Weber, Esq.
Lance C. Wells, Esq.
D. Scott Dattan, Esq.


s/ Frank V. Russo_____