IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BYRON WILLIAMS, | ) |
| | ) |
|     Defendant. | ) |

**FILED**

**JUN 2 9 2006**

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

) Case No. 3:05-cr-76-1-RRB

### MOTION TO DISMISS
### COUNTS 2, 4, 5, & 6 OF
### INDICTMENT AS MULTIPLICITIOUS

Defendant Byron Williams, by and through counsel, moves to dismiss Counts 2, 4, 5 & 6 of the indictment for the same reason that Count 6 was dismissed as to Defendant Roderick Williams on June 26, 2006. Both Byron and Roderick were charged in Counts 1 and 6. The identical dates, facts and quantities are contained in both counts.

Magistrate Judge Roberts, in Recommendation dated June 22, 2006, opined that "The Ninth Circuit Court of Appeals" reasoning in Footnote 6 of <u>Taylor</u> appears appropriate and suggests that Williams' motion to dismiss on grounds of multiplicitious is well taken. Accordingly, the magistrate judge recommends that the government be required to elect between Count 1 and Count 6 ... one of the two counts should be dismissed ... multiplicitous."

If this is the law pertaining to Mr. Roderick Williams, it should be applied to other citizens as well, including Byron Williams. In fact, the same reasoning would apply to Counts 2, 4 & 5 of the indictment which contain the identical dates, facts and quantities as overt acts alleged in Count 1 of the indictment. Byron Williams relies on the legal argument contained in

Dallan Scott Dallan
ATTORNEY AT LAW
2600 DENALI STREET, SUITE 460
ANCHORAGE, ALASKA 99503
PHONE (907) 276-8008
FAX: (907) 276-8571

the motion to dismiss filed by Roderick Williams and on the legal reasoning, conclusion and recommendation of Magistriate Judge Roberts dated June 22, 2006 and respectfully suggests that the government should be required to elect between Count 1 and Count 2, between Count 1 and Count 4, between Count 1 and Count 5, as well as between Count 1 and Count 6.

Whether these counts were dismissed on June 26 or on June 29 is of little real import. The reasoning contained in the Motion to Dismiss dated June 26, 2006, at Docket 317 and in the Magistrate Judge's Recommendation dated June 22, 2006 at Docket 317 is incorporated herein. At page 2 of the Recommendation it is stated that:

"Multiplicity occurs by the charging of a single offense in several counts. United States v. Street, 66 F.3d 969, 975 (8th Cir. 1995). The usual question in determining whether an indictment is multiplicitous is whether the two separate statutory provisions each require "proof an additional fact when the other does not." United States v McKittrick, 142 F.3d 1170, 1176 (9th Cir. 1998), citing Blockburger v. United States, 284 U.S. 299, 304 (1932).

That is true with respect to this indictment and these counts. Accordingly, either Count 1 should be dismissed, or Counts 2, 4, 5 & 6 should be dismissed as multiplicitous. This has already been established as the law in this case ad must be applied to Mr. Byron Williams as well.

Respectfully submitted this 29th day of June, 2006.

LAW OFFICE OF D. SCOTT DATTAN
Attorney for Defendant
Byron Williams

By: _____
D. Scott Dattan
Alaska Bar No. 8411111

Dattan Scott Dattan
ATTORNEY AT LAW
2600 DENALI STREET, SUITE 460
ANCHORAGE, ALASKA 99503
PHONE (907) 276-8008
FAX: (907) 276-8571

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2006,
a copy of foregoing MOTION TO
DISMISS COUNTS 2, 4, 5, & 6 OF
INDICTMENT AS MULTIPLICITOUS
and was HAND DELIVERED to:

Lance Wells
Burke Wonnell
Crandon Randell

D. Scott Dattan

Dattan Scott Dattan
ATTORNEY AT LAW
2600 DENALI STREET, SUITE 460
ANCHORAGE, ALASKA 99503
PHONE (907) 276-8008
FAX: (907) 278-8571