IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

BYRON WILLIAMS, a/k/a
"Felipe,"
RODERICK ONDRA WILLIAMS, a/k/a
"MC Rod," and
PAULA MARIE ROBERDS,

          Defendants.

Case No. 3:05-cr-0076-RRB

**JURY INSTRUCTIONS**

## INSTRUCTION NO. ___/___

Fourteen of you have been chosen as jurors in this case. Two of you will be selected randomly as alternates at the conclusion of the case. The law only permits twelve jurors to decide this matter. Before you take the juror's oath, I want to impress upon you the seriousness and importance of being a member of the jury. Trial by jury is a fundamental right in the United States of America. It assures that each case will be decided by citizens who are fairly selected, who come to a case without bias, and who will attempt to render a fair verdict upon the evidence presented.

You took an oath before you were examined as to your qualifications to be jurors. Now you are called upon to take a second oath. By this oath you will swear or affirm that you will decide the case on the evidence presented according to the law that I will give you.

When you take the oath, you accept serious and important obligations. The jury system depends on the honesty and the integrity of individual jurors. You affirm that you are truly impartial in this case. You affirm that there is nothing to your knowledge that the parties or I should know about your ability to sit as a juror in this case.

THE OATH WILL NOW BE ADMINISTERED.

I will rely on you to determine the facts. This must be done by relying solely upon the evidence received in this trial; you must not be governed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion, or public feeling, but must base your conclusions only upon a fair consideration of the evidence. That evidence may include the sworn testimony of witnesses, exhibits submitted into the record, facts agreed to by the attorneys, and facts judicially noted by the court. The evidence should be considered and viewed by you in light of your own observations and experiences in everyday life, but you may not consider any other source of information not presented to you in this Court. Therefore, during the trial you must avoid reading any newspaper articles about the case or listening to or watching any news stories about the case.

It will be my duty to decide what law must be applied. In so doing, I will look to a number of sources: the statutes of the United States; the decisions of the United States Supreme Court and other learned courts; and the evidence presented by the attorneys who will have appeared before you. You must apply the law as I give it to you; you may not apply the law as you think it is or should be, or as somebody else may have told you it is.

At no time during the course of the trial will it be my intention, by anything I say or do, or by any questions that I may ask, to suggest what you should find to be the facts on any

merits of the case or my views of the evidence or the witness. So please remember that my rulings that exclude evidence or that bar questions are designed to help you decide the case fairly. Of course, if I decide that certain evidence should be excluded, you must disregard it. You may not speculate as to why the evidence was excluded or what it may have been.

**INSTRUCTION NO.** $\mathcal{2}$

The evidence you are to consider in deciding what the facts are consists of:

     (1)   the sworn testimony of any witness;

     (2)   the exhibits which are to be received into evidence; and

     (3)   any facts to which all the lawyers stipulate.

**INSTRUCTION NO.** _3_

The following things are *not* evidence and you must not consider them as evidence in deciding the facts of this case:

    1.    statements and arguments of the attorneys;

    2.    questions and objections of the attorneys;

    3.    testimony that I instruct you to disregard; and

    4.    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**INSTRUCTION NO.** 4

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

# INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. Let me give you an example.

If before you go to bed on a winter night, you look out your window and see it snowing and you reach out the window and feel it on your hand, you have personal knowledge that it is snowing. This is direct evidence.

But, if when you go to sleep the sky and the ground are clear and when you later awaken and the ground is white and covered with snow, you conclude that it snowed even though you did not see the snow fall. This is circumstantial evidence.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. _6_

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**INSTRUCTION NO.** _1_

You may hear testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. _8_

The distinguishing features of a criminal trial are what are known in the language of the law as the presumption of innocence and the burden of proof beyond a reasonable doubt. The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with no evidence favoring conviction. The presumption of innocence alone is sufficient to acquit a defendant, unless you are satisfied beyond a reasonable doubt of the defendant's guilt, after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**INSTRUCTION NO.** _9_

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury box.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors. First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. You must also avoid contact with any of the persons who are participating in the trial. This includes the parties, the lawyers, the witnesses, and any persons that you see in close contact with these individuals.

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own or visit the scene where any of the events took place.

Fourth, if you need to communicate with me, simply give a signed note to the bailiff to give to me.

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

You are expected to evaluate the evidence independently until you are told to deliberate as a group.  Keep an open mind until then.

Remember that you are to decide the case only on the evidence presented here in court.

**INSTRUCTION NO.** _11_

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial, although you may ask that testimony be replayed if necessary.

## INSTRUCTION NO. _12_

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the view of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**INSTRUCTION NO.** _13_

At the close of the trial, counsel have the right to argue the case to the jury. The arguments of counsel, based upon study and thought, may be and usually are distinctly helpful; however, it should be remembered that arguments of counsel are not evidence and cannot rightly be considered as such. It is your duty to give careful attention to the arguments of counsel, so far as the same are based upon the evidence which you have heard and the proper deduction there from and the law as given to you by the court in these instructions. But arguments of counsel, if they depart from the facts or from the law, should be disregarded. Counsel, although acting in the best of good faith, may be mistaken in their recollection of testimony given during the trial. You are the ones to finally determine what testimony was given in this case, as well as what conclusions of fact should be drawn there from.

**INSTRUCTION NO.** $\underline{14}$

The evidence has now been presented to you and you have heard arguments of counsel. I will now give you the instructions concerning the law to be applied to this case.

The instructions on the law given to you at the beginning of the trial are still applicable and I will not take up your time reading them again. You will have the full set of the court's instructions with you in the jury room to refer to.

Under your oath as jurors, each of you has sworn to decide the case solely on the evidence in this trial and the law as to which I will instruct you.

# INSTRUCTION NO. 15

The defendants, Byron Williams and Roderick Williams, are charged in Count 1 of the Indictment with conspiring to distribute and possess with intent to distribute a controlled substance, in violation of 21 United States Code §§ 846 and 841(a)(1),(b)(1)(A),(b)(1)(B), and (b)(1)(C). In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, beginning on or about January 12, 2004, and ending on or about December 15, 2005, there was an agreement between two or more persons to commit at least one crime as charged in the Indictment, to-wit: to distribute, and possess with intent to distribute, a controlled substance; and

Second, the defendants, Byron Williams and Roderick Williams, became members of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall briefly discuss the law relating to each of these elements.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy, with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all of the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**INSTRUCTION NO.** $\underline{16}$

The defendant, Byron Williams, is charged in Count 2 of the Indictment with maintaining a drug involved premise, in violation of Title 21, Section 856(a)(2) and (b) of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant, Byron Williams, did knowingly manage and control a place, located at 6611 East 9th Avenue, #2, in Anchorage, Alaska, either as an owner, lessee, agent, or mortgagee; and

Second, the defendant did so, with or without compensation, for the illegal purpose of manufacturing, storing, distributing, or using a controlled substance.

The United States does not have to prove that the purpose was the sole purpose for which the place was used.

**INSTRUCTION NO.** $\underline{17}$

The defendants, Paula Roberds and Roderick Williams, are charged in Count 3 of the Indictment with maintaining a drug involved premise, in violation of Title 21, Section 856(a)(1) and (b) of the United States Code.  In order for defendant Paula Roberds or for defendant Roderick Williams to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendants, Paula Roberds and/or Roderick Williams, did knowingly lease, rent, use, or maintain a place, located at 1303 West 23rd Avenue, #28, Anchorage, Alaska; and

Second, the defendants did so for the purpose of manufacturing, distributing, or using a controlled substance.

The United States does not have to prove that the purpose was the sole purpose for which the place was used, but the illegal purpose must be one of the primary or principal uses for which the place was used.

**INSTRUCTION NO.**  *18*

The defendant, Byron Williams, is charged in Count 4 of the Indictment with possession of a controlled substance with intent to distribute, in violation of Sections 841(a)(1) and (b)(1)(A) of Title 21 United States Code.   In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant, Byron Williams, knowingly possessed a controlled substance, to-wit: cocaine base in the amount of 50 grams or more;

Second, that the defendant possessed the cocaine base with the intent to deliver it to another person; and

Third, that the cocaine base had a gross weight in excess of 50 grams.

It does not matter whether the defendant knew that the substance was cocaine base (crack).   It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## INSTRUCTION NO. _19_

The defendant, Byron Williams, is charged in Count 5 with attempted possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), and (b)(1)(C). In order for the government to prove that charge, the government must prove each of the following elements, beyond a reasonable doubt.

First, the defendant, Byron Williams, intended to possess approximately 500 grams or more of cocaine and approximately 383.9 grams of MDMA (Ecstasy) with the intent to deliver it to another person; and

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of possession of cocaine and MDMA with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## INSTRUCTION NO. 20

The defendant, Byron Williams, is charged in Count 6 of the Indictment with attempted possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). In order for the government to prove that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess a mixture containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers; and

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

**INSTRUCTION NO. 31**

The defendant, Roderick Williams, is charged in Count 7 of the Indictment with witness tampering, in violation of Section 1512(b)(1) and (j) of Title 18, United States Code. In order for the government to prove the charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Kelvin Washington was a potential government witness in the case of <u>United States v Byron Williams, et al.</u>, 3:05-cr-76-1-RRB;

Second, the defendant did knowingly use intimidation, threats, or corruptly persuade, or attempts to do so, another person, to-wit: Kelvin Washington, with the intent to influence the testimony of Kelvin Washington in an official proceeding by having Kelvin Washington write in the false sworn statement that the defendant was not involved in the drug conspiracy described in Count 1 of the Indictment.

**INSTRUCTION NO.** _22_

You are instructed that cocaine hydrochloride, cocaine base, and MDMA (ecstasy) are controlled substances.

**INSTRUCTION NO.** *23*

You are instructed that each Count of the Indictment charges a separate and distinct offense. You must decide each Count separately on the evidence and the law applicable to that Count, uninfluenced by your decision as to any other Count. You may acquit or convict a defendant on any or all of the Counts. A defendant's guilt or innocence of a crime charged in one Count should not affect your verdict on any other Count.

# INSTRUCTION NO. 24

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and to each count, unless a specific instruction states that it applies only to a specific defendant or count.

**INSTRUCTION NO.** 25

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

## INSTRUCTION NO. 26

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

**INSTRUCTION NO.** *27*

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INSTRUCTION NO. 28**

You have heard testimony from several witnesses who:

1.    Received favorable treatment from the government in connection with this case;

2.    Admitted being an accomplice to some of the crimes charged; or

3.    Pleaded guilty to a crime or crimes arising out of the same events for which the defendants are on trial.

You should note that the guilt of these individuals is not evidence against the defendants, and you may consider it only in determining these witnesses' believability.  In evaluating the testimony of these witnesses, you should consider whether the witnesses' testimony may have been influenced by any or all of these factors.

In  addition,  you  should  examine  these  witnesses' testimony with greater caution than that of other witnesses.

**INSTRUCTION NO.** _29_

You have heard evidence that certain witnesses have been convicted of crimes of dishonesty.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

**INSTRUCTION NO.** *30*

A summary has been received into evidence. Summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**INSTRUCTION NO.** *31*

      The defendant, Byron Williams, has testified.  You should treat this testimony just as you would the testimony of any other witness.

**INSTRUCTION NO.** _32_

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn from the fact that the defendant did not testify.

**INSTRUCTION NO.** _33_

The punishment provided by law for these crimes is for the Court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

**INSTRUCTION NO.** *34*

When, as in this case, it is alleged that the crime charged was committed "on or about" a certain date, if the jury finds that the crime was committed, it is not necessary that the proof show that it was committed on that precise date.    It is sufficient if the proof shows that the crime was committed on or about that date.

# INSTRUCTION NO. *35*

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO.** _36_

As jurors, you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if that can be done without violence to individual judgment.

Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with the other jurors.

In the course of deliberations, a juror should not hesitate to re-examine his or her own views and change his or her opinion if convinced it is erroneous.

But no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or for the mere purpose of returning a verdict.

**INSTRUCTION NO.** _37_

You were accepted as jurors in this case in reliance upon your answers to the questions asked you concerning your qualifications. You are just as much bound by those answers now, and until you are finally discharged from further consideration of this case, as you were then. The oath taken by you obligates you to try this case well and truly and to render a true verdict according to the law and the evidence. Both the government and the defendants have a right to expect that you will conscientiously consider and weigh the evidence and apply the law of the case, and that you will reach a just verdict.

Upon returning to the jury room to commence your deliberations, you will take with you these instructions, the exhibits, and verdict forms. You will then select one of your fellow jurors to act as foreperson, who will preside over the deliberations and who will complete and sign the verdict to which you have agreed. Before you may return a verdict in this case, it must be unanimous.

**INSTRUCTION NO.** _38_

Verdict forms have been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**INSTRUCTION NO.** _39_

On the day you reach your verdict, if you should agree upon your verdict before 4:30 p.m., you should have your foreperson date and sign the verdict form unanimously agreed upon by your members and return it immediately into open court in the presence of the entire jury, together with any exhibits and these instructions.

In the event that you do not arrive at a verdict before 4:30 p.m., you may go to your homes or place of abode for the night, but you must return to the jury room to continue your deliberations at 9:00 a.m. the following morning.

ENTERED this _30th_ day of June, 2006.

REDACTED SIGNATURE

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE