LAW OFFICES OF D. SCOTT DATTAN
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
Phone:  (907) 276-8008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| BYRON WILLIAMS, | ) |
|     Defendant. | ) |
| _____ | ) Case No. 3:05-cr-076-01-RRB |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Byron Williams, by and through his attorney D. Scott Dattan, submits this memorandum in anticipation of imposition of sentence on September 14, 2006.

After a five day trial from June 26 through June 30, 2006, Mr. Williams was convicted of all four counts in which he was charged in the Fourth Superseding Indictment. The statutory mandatory minimum sentence applicable to two of those counts is twenty (20) years. For the reasons set forth herein, that sentence is more than adequate to address all the relevant sentencing criteria and is, under the circumstances, the sentence that should be imposed.

Pursuant to 18 USC 3553 certain factors are to be considered in imposing a sentence:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)   the need for the sentence imposed –
> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)   to afford adequate deterrence to criminal conduct;
> (C)   to protect the public from further crimes of the defendant; and
> (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)   the kinds of sentences available;
> (4)   the kinds of sentence and the sentencing range established for –
> (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>
> ...
>
> (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7)   the need to provide restitution to any victims of the offense.

The guideline sentence recommendation as indicated in the Presentence Report is 324 to 405 months. This is 27 years and more. Mr. Williams is 40 years old. Even the mandatory minimum sentence may be a life sentence.

The court will recall from the trial in this matter that Mr. Williams is an entrepreneur who bought and sold cars and had appeared in music videos. He exhibits some

talents outside the arena of his present legal problems.  Mr. Williams has an engaging, outgoing personality and a high school education.

It is obvious however, that since 1984 he has had some difficulties with the law.  His criminal history points compilation consists of two drug related offenses (in 1996 and 1999) three driving offenses (DWLS/R) and two other offenses.  Those coupled with being on probation and his relatively recent release from incarceration give him 17 criminal history points.  Given that criminal history, it is not hard to ascertain why his employment history is rather spotty.

Unless there is nothing more to imposing sentence than warehousing Mr. Williams for something more than twenty years, provision should be made to assist him with educational or vocational training so that when, or if, he is released he can support himself.

As this court well knows, all of his codefendants are receiving much shorter sentences – most as a reward for their cooperation.  Even co-defendant Roderick Williams, whose coercive conduct is more reprehensible than that of Byron will receive a lower sentence.  If anyone participated in criminal acts at Byron's behest, they did so willingly; there was no threat of force.

Mr. Williams rejects the proposed four level adjustment for being a leader or organizer, which is the conclusion reached in the Presentence Report.  From his perspective, the co-defendants were "doing their own thing" and fingered him in order to reduce their own exposure.  As a result he is being blamed for everything.  Each of these co-defendants was involved in drug dealing long before these offenses and probably before he even met them.  He should not bear responsibility for all of their transgressions.

As stated at the outset, there is no viable method of seeking reduction below the mandatory minimum. But the public will be protected and deterrence (to the extent it ever works) will be just as effective with a sentence of 20 years. Under the circumstances of this case, with this defendant, the sentence which is sufficient, but not greater than necessary to comply with the statutory purposes is 20 years. Such a sentence is extreme, but it is the minimum required by the law.

Respectfully submitted this 7th day of September, 2006.

> s/D. Scott Dattan
> Attorney for Defendant, Byron Williams
> 2600 Denali Street, Suite 460
> Anchorage, Alaska  99503
> Phone:  907-276-8008
> E-Mail:  dattan@alaska.net
> Alaska Bar No. 8411111

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7th, 2006, a copy of foregoing DEFENDANT'S SENTENCING MEMORANDUM was served electronically on: Crandon Randell, Rich Curtner, Lance Wells, , Sue Ellen Tatter, Herbert A. Viergutz, T. Burke Wonnell and was delivered by MAIL to Barb Burton.

s/D.Scott Dattan