NELSON P. COHEN
United States Attorney

CRANDON RANDELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-76-01-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Sentencing Memorandum** |
| | ) | |
| BYRON WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW  Plaintiff United States of America, by and through

counsel, and hereby submits this Sentencing Memorandum.

Byron Williams stands convicted by jury of five counts of drug

related offenses. The jury, in a special verdict, determined that Williams was

responsible for a total of five kilograms, or more, of cocaine; 50 grams, or more,

of cocaine base, and a detectable amount of "MDMA" – Ecstasy – 62.6 grams per the lab report. PSR, ¶ 15. When converted into Guidelines language the result is a base offense level of 32. *Id*., U.S.S.G. §2D1.1(c)(4). The Presentence Report tosses in another 4 levels, hard earned and well deserved, for Role in the Offense. PSR, ¶ 18, U.S.S.G. §3B1.1(a). This adjustment applies to those criminals who qualify as "an organizer or leader of a criminal activity that involved five or more participants." *Id*. The trial, by itself, showcased "five or more participants."

The Total Offense Level, therefore, is 36. PSR, ¶ 25. Based upon a total offense level of 36 and a criminal history category of **VI**, the guideline imprisonment range is 324 – 405 months.

Case Evaluation

Byron Williams, born December 14, 1965, is now 40 years old.  His criminal career officially commenced in 1984, when he was 19. His coming out involved a fight with Anchorage police officers at the Chuck E. Cheese restaurant. PSR, ¶ 30. His second offense, one year later, involved drugs, "Misconduct Involving a Controlled Substance in the Fifth Degree (marijuana)." PSR, ¶ 31. Criminal event #3 occurred four months later, and involved a "9mm weapon under the seat of a passenger", a drug cutting agent in the backseat of the car, and a "small quantity of a 2 white powder on the defendant's person that

2

tested  positive for cocaine. PSR, ¶ 32. This event occurred 20 years ago, and

presages where we are today.

Williams' criminal history recital lurches on for another five uninterrupted

pages, spilling over into a sixth, in the Presentence Report.  PSR, pgs. 6-11.

Highlights are drug convictions in Washington in 1990, 1991, and 1996. PSR, ¶¶

43, 43a, 44. Williams returned to Alaska and was convicted of a drug offense here

in 1999. It was while Williams was serving time in Palmer, behind this conviction,

that he met and romanced Tonya Chaison, who then rented the apartment on E. 9th

Ave. Williams, of course, according to Chaison, immediately began dealing

cocaine upon his release from jail in Palmer and taking up residence on E. 9th Ave.

Then, when the white powder again began to flow, Williams began acquiring

Cadillacs.

Williams has managed to accrue 17 criminal history points, 4 more than

necessary to qualify for inclusion in the exclusive Criminal History category of

**VI**.

Evaluation

Williams is a career criminal who has evidenced no interest in doing

anything else. The Life is easy, and the hours are good. It is clear that Williams

will never engage in legitimate enterprise, and it is also clear that doing  time, and

the prospect of doing <u>more</u> time, is not a deterrent to his career choices.

The court must consider the factors in 18 U.S.C. § 3553 in fashioning a sentence. Subsection (a)(2)(A) talks about the need "to reflect the seriousness of the offense, . . . and to provide just punishment for the offense." [1]  This is a guy who had the ability (charisma?) to enlist numerous other persons, mostly women, into the criminal ranks. Subsection (a)(2)(B) discusses the need to "afford adequate deterrence to criminal conduct." This goal, in <u>this</u> case, with a range of 324 – 405 months on the table, is, seemingly, within reach.  Subsection (a)(2)© is the section, for Mr. Byron Williams, crying out for recognition – the need "to protect the public from further crimes of the defendant."  Yes. Society needs to be protected from this man.

## Recommendation

Williams is forty years of age. He needs to be locked up until such time as he is no longer **able** to sell drugs. No longer able to influence and corrupt other persons. How long is that?  Age 65? Age 67?  The government recommends a sentence at the bottom of the guidelines range – 324 months – as appropriate, and, hopefully, enough to contain Byron Williams. Supervised Release should be for

---

[1] The clause in this code section referring to promoting "respect for the law" is inapplicable to Byron – not in the cards.

ten years, just to make sure. PSR, ¶ 87.

RESPECTFULLY SUBMITTED this 7th day of September,

2006, at Anchorage, Alaska.


NELSON P. COHEN
United States Attorney


s/ Crandon Randell
CRANDON RANDELL
Assistant U.S. Attorney


**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2006,
a copy of the foregoing  was served
electronically on D. Scott Dattan


s/Crandon Randell